**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**ROOSEVELT BROCKINGTON,**<br><br>**Defendant** | NO. 5: 05-CR-94 (WDO)<br><br>VIOLATIONS: DRUG RELATED |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Lester Miller of the Macon Bar; the United States was represented by Assistant U. S. Attorney Jennifer Kolman. Based upon the evidence proffered to the court by counsel for the government and the contents of the Pretrial Service Report dated December 16, 2005, I conclude that the following facts require the detention of the defendant pending the trial of this case, noting that the defendant does not contest pretrial detention but, with permission from counsel for the government, reserves the right to request the court to revisit the issues herein after further investigation.

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated December 16, 2005, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant Brockington were he to be released from custody at this time. The offense charged against the defendant is a serious drug offense for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 262 months to 327 months in prison. The weight of evidence appears to be strong with a hand-to-hand sale to a confidential informant supervised by government agents.

**Defendant Brockington has a significant felony conviction record which includes prior drug convictions in Florida in 1995 and 2000. He was also convicted in this district in 1995 for the federal offense of POSSESSION WITH INTENT TO DISTRIBUTE COCAINE. The defendant has also had a probation violation warrant issued against him in this court.**

**For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 3rd day of JANUARY, 2006.**



*(signature)* Claude W. Hicks, Jr.

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**